GULF, COLORADO & SANTA FE RAILWAY COMPANY v.
T. N. PHILLIPS.

Decided March 30, 1904.

**1.—Charge—Asuming Facts.**

Charge held erroneous and on the weight of evidence because assuming the fact that plaintiff's deceased son, for causing whose death defendant was sued, was of industry, capacity and disposition to continue to earn money and contribute to the father's support in the future.

**2.—Transcript—Matters Improperly Included.**

The inclusion of matters not properly belonging in the transcript (a motion for continuance on which no errors were assigned and affidavits relating to exceptions not saved by bill) was not ground for striking out the statement in the appellate court, but merely for taxing appellant, though successful, with the unnecessary cost incurred.

Appeal from the District Court of Coleman. Tried below before Hon. John W. Goodwin.

*J. W. Terry* and *Ballinger Mills,* for appellant.

*Woodward & Baker,* for appellees.

KEY, ASSOCIATE JUSTICE.—Appellee brought this suit against appellant to recover damages on account of the death of his son, Wylie Phillips, alleged to have been caused by the negligence of appellant. The trial resulted in a verdict and judgment for plaintiff for $5000, and the defendant has appealed.

In charging the jury, the trial court used this language: "If you find for plaintiff you will give him such damages as you believe from the evidence will compensate him for the pecuniary loss, if any, sustained by him in the death of his son, Wylie Phillips. In estimating this pecuniary loss, if any, you may take into consideration the age of plaintiff and his physical condition, the wages which deceased Wylie Phillips was earning, if any, and the amount, if any, he contributed to the plaintiff's support, the industry of the deceased, and his capacity, ability and disposition to continue to earn money and contribute to plaintiff's support."

One of the objections urged to the paragraph of the charge quoted is that the last clause was on the weight of testimony, and we sustain the objection. The clause referred to assumes that the deceased was industrious, had capacity, ability and disposition to earn money and continue to contribute to the plaintiff's support. It may be conceded that there was undisputed testimony showing that he was industrious, had capacity and ability and disposition to earn money, and that up to the time of his death he had contributed to the plaintiff's support, yet the facts that he would continue to earn money and contribute to the plaintiff's support in the future, or that his disposition was such as to indicate that he would so continue to do, were facts,

35 Civ—22

if existing at all, to be inferred from other facts established by the testimony; and therefore the charge of the court should not have assumed their existence. Considering the size of the verdict, we are not prepared to say that the error was harmless.

The matters referred to in the sixteenth, seventeenth and eighteenth assignments of error are not likely to arise upon another trial, and the questions of law sought to be presented under those assignments need not be decided.

On all other questions of law we rule against the appellant. We express no opinion as to the merits of the case as developed by the testimony.

Appellee has submitted a motion to strike out the transcript, because it contains certain documents which should not be embraced therein. The transcript contains a motion for a continuance and the reply thereto and the order overruling the same, and not only is no error assigned to the action of the court in overruling the motion, but the record shows that the witness, on account of whose absence the application is made, appeared and testified in the case. The court adjourned September 26, 1903, and thirty-four days thereafter appellant filed an affidavit and certain other documents relating to his efforts to obtain a bill of exceptions. A bill of exceptions could not have been filed that late, nor do we think appellant had the right to file the documents referred to at that time, especially as no reason is shown why they were not filed earlier. We therefore hold that the documents last referred to, as well as those bearing on the subject of continuance, should not have been incorporated in the transcript. But we do not think the entire transcript should be stricken out and the appeal dismissed on account of the matters referred to. However, appellant should pay all the expenses caused by the filing of the papers referred to, and their incorporation in the transcript, which we have estimated at $10, and which amount of costs are here taxed against appellant. The remainder of the costs are taxed against appellee.

The judgment reversed and cause remanded.

*Reversed and remanded.*